In The



Court of Appeals



Ninth District of Texas at Beaumont


____________________



NO. 09-09-00323-CV


____________________



IN RE DANNY WILBURN GREEN 


 




Original Proceeding






MEMORANDUM OPINION



 Danny Wilburn Green seeks a writ of mandamus to compel the trial court presiding
in his suit for a divorce from Lisa A. Green to immediately sign a judgment based upon a
mediated settlement agreement. We deny the petition.

 The parties signed a memorandum of agreement on June 3, 2008. The agreement
recites the parties' acknowledgment that any settlement reached as a result of the mediation
process would be binding and that the agreement was not subject to revocation. The
agreement also provides that the parties would submit sworn inventories within 14 days. On
July 9, 2008, the trial court made an oral pronouncement of divorce and announced an 
intention to approve the property division as set out in the mediated agreement. On July 17, 
2008, Lisa filed a document titled "Revocation of Mediated Settlement Agreement." (1) The 
trial court signed a judgment on August 6, 2008. Although the judgment recited that Lisa
and her attorney both appeared in person and agreed to the terms of the decree as evidenced
by their signatures "appearing below," neither had actually been present at pronouncement
and neither Lisa nor her counsel actually signed the decree.

 On August 12, 2008, Lisa filed a motion for new trial that alleged that her agreement 
had been procured through duress, coercion, impaired capacity, unfair tactics, and
nondisclosure of assets. The trial court conducted an evidentiary hearing on the motion for 
new trial and granted the motion before plenary power expired.

 Arguing that the mediated settlement agreement was irrevocable, Danny asked the 
trial court to reconsider the granting of the motion for new trial. The trial court denied the 
motion to reconsider. Asserting his entitlement to summary enforcement of the mediated
settlement agreement, Danny filed a motion to enter judgment based upon the mediated
settlement agreement. The trial court conducted a hearing but did not rule on the motion to
enter judgment. Instead, the trial court indicated that the motion would remain under 
consideration and suggested that her ruling would come "probably not . . . before trial."

 Danny argues that he is entitled to summary entry of a decree based upon the mediated
settlement agreement. See Cayan v. Cayan, 38 S.W.3d 161, 165 (Tex. App.--Houston [14th
Dist.] 2000, pet. denied)(A mediated settlement agreement entered in compliance with
Family Code § 6.602 may be made binding before rendition of divorce.); see also Tex. Fam.
Code Ann. § 6.602 (Vernon 2006). Cayan is distinguishable because the non-moving party
in that case attempted to repudiate the agreement for reasons other than fraud, duress, or
coercion. See Cayan, 38 S.W.3d at 167. Cayan recognized that one who is wrongfully
induced to enter into a mediated settlement agreement under section 6.602 "has the same
recourse as one who discovered such a circumstance after judgment was entered on a
non-section 6.602 agreement." Id.

 Here, the real party has alleged impaired capacity and alleged that her signature on the
mediated settlement agreement was at least in part due to wrongdoing by Danny. "A trial
court is not required to enforce a mediated settlement agreement if it is illegal in nature or 
was procured by fraud, duress, coercion, or other dishonest means." In re Marriage of
Joyner, 196 S.W.3d 883, 890 (Tex. App.--Texarkana 2006, pet. denied); Boyd v. Boyd, 67
S.W.3d 398, 404-05 (Tex. App.--Fort Worth 2002, no pet.)(A Family Code § 6.602 mediated
settlement agreement may be subject to rescission due to intentional nondisclosure.); In re
Kasschau, 11 S.W.3d 305, 312 (Tex. App.--Houston [14th Dist.] 1999, orig. proceeding)(A
mediated settlement agreement may be voided for illegality.).

 Lisa contends Danny received all he was entitled to--entry of judgment on the
mediated settlement agreement--in 2008 when the trial court signed the decree, and suggests
that the granting of the motion for new trial placed the parties in the position they were in
before the mediated settlement agreement was signed. We note, however, that the trial court
effectively vacated the decree but has not entered a new judgment that voids the mediated
settlement agreement. That is a matter the trial court may consider when it hears the case. 
Finding neither failure to perform a ministerial act nor an abuse of discretion by the trial
court, we deny the petition for writ of mandamus.

 PETITION DENIED.


 PER CURIAM



Submitted on August 7, 2009

Opinion Delivered August 27, 2009


Before McKeithen, C.J., Kreger and Horton, JJ.
1. Lisa later conceded that this revocation was ineffective because the trial court had
already orally pronounced judgment.